People v Herskovic (2018 NY Slip Op 06763)





People v Herskovic


2018 NY Slip Op 06763


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-02494
 (Ind. No. 2883/14)

[*1]The People of the State of New York, respondent,
v
Mayer Herskovic, appellant.


Barket Marion Epstein & Kearon, LLP, Garden City, NY (Donna Aldea of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered March 16, 2017, convicting him of gang assault in the second degree, unlawful imprisonment in the first degree, and menacing in the third degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.
The complainant testified that, on December 1, 2013, he was assaulted by approximately 20 Hasidic Jewish men in Williamsburg, Brooklyn. The defendant and others were charged, inter alia, with gang assault in the second degree, unlawful imprisonment in the first degree, and menacing in the third degree. Following a nonjury trial, the defendant was convicted of the aforementioned three charges.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495).
However, upon the exercise of our independent factual review power (see CPL 470.15[5]), we conclude that the verdict of guilt was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [factfinder] was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d at 348). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (id. at 348-349).
At the trial, the complainant was not able to identify any of the persons who assaulted him. The complainant testified that one of the attackers shoved a thumb into his eye. Moreover, he testified that, during the assault, his sneaker was removed and thrown onto a nearby roof by one of the individuals who attacked him. Notably, the complainant and others who testified at the trial gave conflicting accounts of the assault. Among other things, the complainant testified that the person who pulled off his sneaker was the same person who shoved a thumb into his eye. He referred to this person as the "ringleader" and one of the three men who initially chased him. However, he also testified that the person he identified as the ringleader was not the defendant.
The complainant's sneaker was recovered six days after the incident. The DNA sample obtained from the sneaker contained only 97.9 picograms of DNA, which is less than the minimum amount of DNA material—100 picograms—needed for traditional DNA testing. Further, the DNA sample was a nondeducible mixture, meaning that it contained the DNA of two or more persons, but that the mixture could not be broken apart to determine which strings of DNA came from which person. Nevertheless, the New York City Office of the Chief Medical Examiner (hereinafter OCME) utilized "high-sensitivity" DNA analysis, a method of testing OCME developed to analyze DNA samples of less than 100 picograms. An OCME criminologist testifying at the trial admitted that in developing high-sensitivity testing, OCME "tweaked the protocols" of DNA testing. Based on the high-sensitivity testing, OCME found that the mixture was indicative of a two-person mixture. This OCME criminologist testified that the DNA profiles of the complainant and the defendant were then compared to the sample, and a forensic statistical tool (hereinafter FST) developed by OCME was used to determine the "likelihood ratio" that the defendant was one of the two contributors. The FST analysis concluded that it was 695,000 times more probable that the DNA sample originated from the defendant and an unknown unrelated person than from two unknown unrelated persons. The analysis also found that it was 133 times more likely that the DNA sample originated from the defendant and the complainant than from the complainant and an unknown unrelated person. The FST analysis of the DNA was based upon a Caucasian population, and failed to take into account the genetic history of the defendant, a member of the Hasidic population. Moreover, the likelihood ratio result was only 133, a relatively insubstantial number.
Under the circumstances of this case, including the complainant's inability to positively identify any of his attackers, the varying accounts regarding the incident, and the DNA evidence, which was less than convincing, we find that the evidence, when properly weighed, did not establish the defendant's guilt beyond a reasonable doubt.
In light of our determination, we do not address the defendant's remaining contentions.
RIVERA, J.P., AUSTIN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court